McCORMICK *v.* McCORMICK.

1. APPEAL AND ERROR—EVIDENCE—DETERMINATION OF INTEREST IN
LAND—PARTNERSHIP.

Evidence justified conclusion that plaintiff and defendant were
conducting lawful businesses as co-owners for profit on prop-
erty in which plaintiff sought to have a determination made
as to his interests therein and that they were sharing in the
profits from each operation.

2. PARTNERSHIP—EVIDENCE OF RELATIONSHIP.

It is not essential that parties who conduct lawful businesses for
profit should call themselves partners in order to find that
a partnership existed, where it clearly appears that such was
the situation.

3. SAME—PROPERTY—RECORD TITLE.

The record title to partnership property need not stand in the
names of all partners (CL 1948, § 449.10).

4. SAME—PROPERTY—INTENT—EVIDENCE OF TITLE.

Whether lands held in the name of one partner or of all are to
be deemed copartnership property is generally a question of
intent, to be gathered from the manner in which the members
of the firm have dealt with the property.

5. SAME—EXPRESS AGREEMENT AS TO PROPERTY—NECESSITY.

No express agreement is necessary to establish the equitable
interest of a copartnership in property held for the benefit
of the firm in the name of one of the partners, nor need the
circumstances surrounding the transaction or the dealings of
the partners, with the property be equivalent in weight to
an express agreement, if the agreement may be implied from
their purpose, business or their dealings with the real estate.

REFERENCES FOR POINTS IN HEADNOTES

[2] See, generally, 40 Am Jur, Partnership § 32 *et seq.*
[3, 5] 40 Am Jur, Partnership § 103.
[4, 6] 40 Am Jur, Partnership §§ 97–106.
[7] 40 Am Jur, Partnership § 90 *et seq.*
[8] 41 Am Jur, Pleading §§ 292, 293.

6. SAME—TRANSFERS OF TITLE AMONG PARTNERS.

The fact that the legal title to property in question first stood in the names of plaintiff and defendant, then in the names of 3 partners which included their mother, and then conveyed to her and by her to defendant, did not deprive the real estate of its character as a partnership asset, where the parties involved continuously conducted various businesses thereon for profit.

7. TENANCY IN COMMON—PROPERTY USED FOR PARTNERSHIP.

Plaintiff and defendant were properly decreed tenants in common of property which they had purchased together, had been subsequently conveyed to their mother and by her later conveyed to defendant by conveyance reciting that it was understood that the grantor "reserves a life lease and full control for herself and" plaintiff, where the property had been used continuously by the parties in the conduct of various business enterprises for profit before and after the death of the mother.

8. PLEADING—AMENDMENT—DISCRETION OF COURT—FURTHERANCE OF JUSTICE.

It is not an abuse of discretion on the part of the trial judge to permit plaintiff to amend his pleading by merely striking out the claim to life interest in property by way of relief based on deed from his mother to defendant brother and asking for a decree declaring plaintiff to be a tenant in common in accordance with the facts averred in the original pleading, where such amendment was obviously in the furtherance of justice (CL 1948, § 616.1; Court Rule No 25 [1945]).

Appeal from Allegan; Smith (Raymond L.), J. Submitted April 8, 1955. (Docket No. 54, Calendar No. 46,267.) Decided June 6, 1955.

Bill by Clarence Louis McCormick against Jesse William McCormick to determine interest in real estate. Decree for plaintiff. Defendant appeals. Affirmed.

*Rex W. Orton,* for plaintiff.

*Leo W. Hoffman,* for defendant.

Carr, C. J. Plaintiff instituted this suit in equity in order to obtain a determination as to his rights and interests in certain real estate in Casco township, Allegan county. The parties, who are brothers, purchased the land in question in 1921 for the sum of $3,000. They paid $1,500 down, each contributing approximately 1/2 of that sum, and gave a mortgage to secure the payment of the balance. Shortly thereafter they conveyed an undivided 1/3 interest to their mother, Hattie B. McCormick, and in 1924 they executed to her a deed of their remaining interests. It is a fair inference from the proofs that she assisted them in paying off the mortgage.

The property in question is located between U. S. Highway No 31 and Lake Michigan. The parties acquired it with the intention of developing it for resort purposes. In 1922 they built a gasoline station thereon, doing the work together and sharing the cost, which station they continued to operate until 1928 when it was destroyed by fire. In 1924 or 1925 the brothers erected a small cottage on the land, and shortly thereafter constructed a restaurant known as the "Dixie Inn." The proceeds of insurance collected on the loss of the gasoline station were used to enlarge the restaurant. It further appears that at the time the property was purchased by the brothers they and their mother were engaged in operating a restaurant in South Haven, apparently as copartners. The profits from this business were used in the construction of the gasoline station and the Dixie Inn. The parties also engaged in other business enterprises in Allegan and in Chicago, conducting their operations together and sharing in the profits therefrom. The land here in question was used for the purposes of the businesses that the parties established and conducted thereon, and the conclusion is warranted that the parties considered that they owned it together, that they had equal rights

therein, and that it was to be used for their business operations.

In 1934 Mrs. McCormick executed to defendant a deed of the Casco township property, the instrument of conveyance containing the following clause:

"It is understood that the said grantor Hattie B. McCormick, reserves a life lease and full control for herself and Clarence Louis McCormick."

Plaintiff subsequently learned of the execution of said deed, but it does not appear that he questioned it at the time. The common use of the property was not changed in any way, both plaintiff and defendant sharing rights of occupancy and likewise participating in profits. Such situation seems to have continued after the death of the mother in 1940, with the brothers recognizing mutual rights and obligations but without operations being conducted under any definite system. Disagreements, however, arose in later years, and in 1950 defendant forcibly ejected plaintiff from the property, advancing the claim at that time that he (defendant) was the sole owner. Such act resulted in the present suit being instituted on October 16, 1950.

Plaintiff in his bill of complaint alleged the facts with reference to acquiring the property, the purpose of so doing, and the use to which it was put by the parties and their mother. The averments of fact suggest the claim that a partnership relation existed between the brothers and their mother with reference to the businesses conducted on the property, as well as other operations. However, relief was sought by the pleading as originally filed on the theory that the conveyance from the mother to defendant gave plaintiff a life estate and that, in consequence, he was entitled to exclusive possession as long as he might live. Defendant by answer denied plaintiff's

right to relief on such basis, and asserted sole ownership in himself.

Following trial of the issues in open court, the circuit judge came to the conclusion that plaintiff, defendant, and the mother were copartners, that the land in question was acquired as partnership property and was used as such, and that equitably each of the parties to the case was a tenant in common with an undivided 1/2 interest in the property. Thereupon plaintiff sought and obtained leave to amend his bill of complaint by withdrawing all claims asserting an alleged life estate and asking in lieu thereof that the parties be decreed to be tenants in common. The averments of fact in the pleading, which the trial judge found were, in the main, substantiated by the proofs, were not modified. A decree was entered in accordance with the court's findings, and defendant has appealed.

We are in accord with the finding of the trial judge that plaintiff, defendant, and the mother were copartners in conducting their business operations, including those involving the use of the land here in question. They worked together in the furtherance of their objectives, and shared the profits. The defendant in his testimony referred to the manner in which the property was used as a "cooperative living proposition." He stated further that the gasoline station was his idea, that his mother and brother were running the restaurant, and that "It all supposedly went in the family pot." He testified also that he felt free to take money out of the till. Apparently the actual situation was that each of the parties took from the businesses conducted such portion of the profits as he or she deemed proper, and without objection from the others. Under the testimony of plaintiff and defendant the conclusion is fully justified that the parties were carrying on lawful busi-

nesses together as co-owners for profit, and that they were sharing in the profits from each operation.

Whether the parties gave consideration to the precise nature of their business association does not appear. It was not essential that they should call themselves partners. It clearly appears that such was the situation. *Runo* v. *Rothschild,* 219 Mich 560. It is apparent that the parties concerned treated the land on which the filling station, the Dixie Inn, and the cottage were constructed as belonging to all of them, that is, as partnership property. It was not essential that the record title should stand in the names of all partners. CL 1948, § 449.10 (Stat Ann § 20.10).

The legal principles applicable in a case of this character were considered by the Court at some length in *Johnson* v. *Hogan,* 158 Mich 635 (37 LRA NS 889), in which prior decisions were cited and the following conclusions reached:

"Whether lands held in the name of one partner or of all are to be deemed copartnership property is generally a question of intent, to be gathered from the manner in which the members of the firm have dealt with the property." (Syllabus 1.)

"No express agreement is necessary to establish the equitable interest of a copartnership in property held for the benefit of the firm in the name of one of the partners, nor need the circumstances surrounding the transaction or the dealings of the partners with the property be equivalent in weight to an express agreement, if the agreement may be implied from their purpose, business or their dealings with the real estate." (Syllabus 2.)

See, also, *Wiltse* v. *Schaeffer,* 327 Mich 272, 280, 281; *Swiatkowski* v. *Kroll,* 331 Mich 179, 183. The fact that the legal title to the property in question here first stood in the names of plaintiff and defendant, then in the names of the 3 partners, was then

conveyed to the mother, and subsequently by her to the defendant, did not deprive it of its character as a partnership asset. The parties obviously so regarded it. The conveyance by Mrs. McCormick to defendant in 1934 clearly recognized, in the proviso above quoted, that both she and plaintiff had rights in the property. It is in evidence also that the mother stated to defendant at the time of such transaction, or shortly thereafter, that she knew that he and plaintiff would get along together all right.

After the death of the mother, defendant, in conversation with plaintiff, made statements recognizing the rights of the latter, suggesting on one occasion, as it is claimed, that the property should be divided on the basis of 2/3 to himself and 1/3 to plaintiff because plaintiff had drawn larger amounts from the profits for his support and the support of his family than defendant had received. Further discussion of the testimony would serve no useful purpose. The trial judge correctly held that the land in question here belonged in equity to the partnership, and that plaintiff and defendant should be decreed tenants in common thereof.

On behalf of appellant it is contended that the trial court granted relief on a basis not asserted by plaintiff in his bill of complaint. As before stated, plaintiff did not at the outset of the case rest his cause of action on the theory of the copartnership relation, asserting, rather, that he was entitled to a life estate by virtue of his mother's deed to defendant in 1934. However, facts were alleged tending to show that plaintiff actually claimed that he, his brother, and his mother were carrying on business as copartners and using this land as an asset of their operations. The trial court, having found that the averments of fact were sustained by the proofs, concluded that because of the partnership relation that existed plaintiff and defendant were equitably

tenants in common. There was no abuse of discretion in granting leave to amend by merely striking out the claim to relief based on the deed and asking for a decree in accordance with the facts averred in the original pleading. CL 1948, § 61.61 (Stat Ann § 27.838), provides as follows:

"The court in which any action or proceedings shall be pending, shall have power to amend any process, pleading or proceeding in such action or proceeding, either in form or substance, for the furtherance of justice, on such terms as shall be just, at any time before judgment or decree rendered therein. The court at every stage of the action or proceeding shall disregard any error or defect in the proceedings, which do not affect the substantial rights of the parties."

See, also, Michigan Court Rule No 25 (1945). Obviously the trial court considered that the leave to amend should be granted in the "furtherance of justice." In view of the situation presented we do not think there was any abuse of discretion in granting the motion. *L. A. Young Spring & Wire Corp.* v. *Falls,* 307 Mich 69, 91; *Howard* v. *Burton,* 338 Mich 178, 185.

The decree of the trial court is affirmed, with costs to appellee.

Butzel, Smith, Sharpe, Boyles, Reid, Dethmers, and Kelly, JJ., concurred.